JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Debora Assis

**(b)** County of Residence of First Listed Plaintiff   Rockland County, NY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jordan R. Lundy, Esquire - Lundy Law LLP
1635 Market Street, 19th Floor, Philadelphia, PA  19103
215-567-3000

## DEFENDANTS
Ajit Oak and
EAN Holdings LLC

County of Residence of First Listed Defendant   Norfolk County, MA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Section 1332

Brief description of cause:
motor vehicle swerves into shoulder and strikes plaintiff (pedestrian)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.   DEMAND $ in excess of $150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE
03/04/2019

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Debora Assis                                         :          CIVIL ACTION
                        v.                           :
Ajit Oak                                             :
and                                                  :          NO.
EAN Holdings LLC

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                              ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.        ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                    (x)

    3/4/2019              Jordan R. Lundy                         [signature]
    Date                  Attorney-at-law                         Attorney for Plaintiff

  215-567-3000            215-567-2700                  jrlundy@lundylaw.com

  Telephone               FAX Number                    E-Mail Address


(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __408 Sierra Vista Lane, Valley Cottage, NY  10989__

Address of Defendant: __802 Matthew Court, Braintree, MA 02184 and 4509 N. Brady Street, Davenport, IA  52806__

Place of Accident, Incident or Transaction: __Interstate 78 at or near mile post 041, Berks County, PA__

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/04/2019__   _____/s/_____   __317122__
                       *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
  *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Jordan R. Lundy__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __03/04/2019__   _____/s/_____   __317122__
                       *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORA ASSIS<br>408 Sierra Vista Lane<br>Valley Cottage, NY 10989<br><br>      **Plaintiff**<br><br>v.<br><br>AJIT OAK<br>802 Matthew Court<br>Braintree, MA 02184<br><br>EAN HOLDINGS LLC<br>4509 N Brady Street<br>Davenport, IA 52806<br><br>      **Defendants** | CIVIL ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>DOCKET NO.: |

## COMPLAINT

Plaintiff, Deborah Assis, herein files this Complaint against defendants, Ajit Oak and EAN Holdings LLC, and in support thereof, avers as follows:

## FACTUAL BACKGROUND

1. On or about February 17, 2018, at approximately 5:49 p.m., plaintiff Debora Assis was a pedestrian on the shoulder of Interstate 78 at or near mile post 041 in Berks County, Pennsylvania, when defendants, Ajit Oak and EAN Holdings LLC unreasonably, improperly and/or unsafely veered off the highway to the shoulder coming into contact with the pedestrian plaintiff and causing plaintiff to suffer severe and permanent injuries hereinafter more fully set forth.

## PARTIES

2. Plaintiff, Debora Assis, is a citizen of the State of New York who is an adult individual residing at 408 Sierra Vista Lane, Valley Cottage, NY 10989.

3. Defendant, Ajit Oak, is a citizen of the Commonwealth of Massachusetts who is an adult individual residing at 802 Matthew Court, Apt. 209, Braintree, MA 02181.

4. Defendant, EAN Holdings LLC, is a Delaware Corporation with a business address at 4509 North Brady Street, Davenport, IA 52806.

## VENUE/JURISDICTION

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as plaintiff is a citizen of the State of New York, defendant Ajit Oak is a citizen of the Commonwealth of Massachusetts, defendant EAN Holdings LLC, has a business address in the State of Iowa, and the incident occurred in the Commonwealth of Pennsylvania. Further, the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

## COUNT I
### Plaintiff, Debora Assis vs. Defendant, Ajit Oak

6. Plaintiff, Debora Assis, incorporates by reference the allegations contained in the above paragraphs as though the same were herein set forth fully at length.

7. The carelessness and negligence of defendant, Ajit Oak, consisted, *inter alia*, of the following:

    a. making an improper exit from the highway;

    b. causing and/or permitting their motor vehicle to come into contact with the plaintiff herein;

    c. failing to properly keep, control and maintain the motor vehicle so as to prevent the accident herein;

    d. failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic weather, and pedestrian

        conditions;

e.    operating the motor vehicle in such a manner that the defendants knew or should have known of the danger created to pedestrians in the area;

f.    operating the motor vehicle in such a manner so as to create traffic conditions which were dangerous to pedestrians;

g.    failing to yield the right-of-way to pedestrian;

h.    allowing and/or permitting the motor vehicle to be operated at an excessive rate of speed; in failing to keep the motor vehicle under proper control;

i.    failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway where the accident occurred;

j.    failing to use any warning devices;

k.    failing to properly keep and maintain the motor vehicle so as to prevent the contingency which occurred;

l.    failing to keep a proper lookout;

m.    failing to stop and/or slow down;

n.    violating the rights of this pedestrian and the rules of the road;

o.    acting with reckless disregard for the safety of others;

p.    failing to properly apply brakes;

q.    failing to sound horn; and

r.    in negligently veering off the aforesaid highway and entering the path of the pedestrian plaintiff herein.

8. As a direct and proximate result of the aforesaid negligence of defendant, Ajit Oak, plaintiff, Debora Assis, has suffered severe and permanent injuries to her body which include, but are not limited to traumatic brain injury, subdural hematoma, deep head laceration with scarring and disfigurement; brain surgery with scarring and disfigurement, loss of sense of smell and taste, sensitivity to light and sound, and neck pain. Plaintiff, Debora Assis, suffered internal injuries of an unknown nature, she suffered severe aches, pains, mental anxiety and anguish and a severe shock to his entire nervous system and other injuries the full extent of which are not yet known. Plaintiff, Debora Assis, sustained an aggravation and/or exacerbation of injuries both known and unknown. She has in the past and will in the future undergo severe pain and has been unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

9. As a direct and proximate result of the aforesaid negligence of defendant, Ajit Oak, plaintiff, Debora Assis, has been compelled to expend money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

10. As a direct and proximate result of the aforesaid negligence of defendant, Ajit Oak, plaintiff, Debora Assis, has been prevented from attending to her usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

11. As a direct and proximate result of the aforesaid negligence of defendant, Ajit Oak, plaintiff, Debora Assis, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

12. As a direct and proximate result of the aforesaid negligence of defendant, Ajit Oak, plaintiff, Debora Assis, has incurred in the past and will continue to incur in the future additional financial expenses or losses which she is entitled to recover.

13. As a direct and proximate result of aforesaid negligence of defendant, Ajit Oak, plaintiff, Debora Assis, has suffered loss of wages and earning capacity.

14. WHEREFORE, plaintiff, Debora Assis, demands judgment in her favor and against defendants in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus costs, delay damages, pre and post judgment interest, attorney fees and all other relief provided by law.

<u>COUNT II</u>
<u>Plaintiff, Debora Assis vs. Defendant, EAN Holdings LLC</u>

15. Plaintiff, Debora Assis, incorporates by reference the allegations contained in the above paragraphs as though the same were herein set forth fully at length.

16. The carelessness and negligence of defendant, EAN Holdings LLC, consisted, *inter alia*, of the following:

    a. making an improper exit from the highway;

    b. causing and/or permitting their motor vehicle to come into contact with the plaintiff herein;

    c. failing to properly keep, control and maintain the motor vehicle so as to prevent the accident herein;

    d. failing to operate the motor vehicle in a manner and at a speed that was reasonable and proper under the prevailing traffic, weather, and pedestrian conditions;

    e. operating the motor vehicle in such a manner that the defendants knew or should have known of the danger created to pedestrians in the area;

    f. operating the motor vehicle in such a manner so as to create traffic conditions which were dangerous to pedestrians;

    g. failing to yield the right-of-way to pedestrian;

h.  allowing and/or permitting the motor vehicle to be operated at an excessive rate of speed; in failing to keep the motor vehicle under proper control;

i.  failing to properly operate the braking and acceleration devices of the motor vehicle under the circumstances of the roadway where the accident occurred;

j.  failing to use any warning devices;

k.  failing to properly keep and maintain the motor vehicle so as to prevent the contingency which occurred;

l.  failing to keep a proper lookout;

m.  failing to stop and/or slow down;

n.  violating the rights of this pedestrian and the rules of the road;

o.  acting with reckless disregard for the safety of others;

p.  failing to properly apply brakes;

q.  failing to sound horn; and

r.  in negligently veering off the aforesaid highway and entering the path of the pedestrian plaintiff herein.

17.  As a direct and proximate result of the aforesaid negligence of defendant, EAN Holdings LLC, plaintiff, Debora Assis, has suffered severe and permanent injuries to her body which include, but are not limited to traumatic brain injury, subdural hematoma, deep head laceration with scarring and disfigurement; brain surgery with scarring and disfigurement, loss of sense of smell and taste, sensitivity to light and sound, and neck pain. Plaintiff, Debora Assis, suffered internal injuries of an unknown nature, she suffered severe aches, pains, mental anxiety and anguish and a severe shock to her entire nervous system and other injuries the full extent of

which are not yet known. Plaintiff, Debora Assis, sustained an aggravation and/or exacerbation of injuries both known and unknown. She has in the past and will in the future undergo severe pain and has been unable to attend to her usual duties and occupation, all to her great financial detriment and loss.

18. As a direct and proximate result of the aforesaid negligence of defendant, EAN Holdings LLC, plaintiff, Debora Assis, has been compelled to expend money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

19. As a direct and proximate result of the aforesaid negligence of defendant, EAN Holdings LLC, plaintiff, Debora Assis, has been prevented from attending to her usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

20. As a direct and proximate result of the aforesaid negligence of defendant, EAN Holdings LLC, plaintiff, Debora Assis, has suffered physical pain and mental anguish and humiliation and may continue to suffer same for an indefinite period of time in the future.

21. As a direct and proximate result of the aforesaid negligence of defendant, EAN Holdings LLC, plaintiff, Debora Assis, has incurred in the past and will continue to incur in the future additional financial expenses or losses which she is entitled to recover.

22. As a direct and proximate result of aforesaid negligence of defendant, EAN Holdings, LLC, plaintiff, Debora Assis, has suffered loss of wages and earning capacity.

WHEREFORE, plaintiff, Debora Assis, demands judgment in her favor and against defendants in a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus costs, delay damages, pre and post judgment interest, attorney fees and all other relief provided by law.

Date: 3/4/2019

FINKELSTEIN & PARTNERS, LLP
BY: _____
KENNETH FROMSON, ESQ.

Attorney for Plaintiff

Date: 3/4/2019

LUNDY LAW
BY: _____
JORDAN R. LUNDY, ESQ.

Attorney for Plaintiff

[Type here]